UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| JUAN PENA, | |
|---|---|
| Plaintiff, | |
| -against- | 1:19-CV-7336 (CM) |
| DOWNSTATE CORRECTIONAL FACILITY MEDICAL DEPARTMENT, et al., | ORDER |
| Defendants. | |

COLLEEN McMAHON, Chief United States District Judge:

On August 28, 2019, the Court directed Plaintiff, who is incarcerated and proceeds *pro se*, to, within thirty days, either submit a completed request to proceed *in forma pauperis* ("IFP") and prisoner authorization or pay the $400.00 in fees required to file a civil action in this Court. That order specified that failure to comply would result in dismissal of this action. Because Plaintiff failed to comply with that order within the time allowed, by order and judgment issued and entered on October 8, 2019, the Court dismissed this action without prejudice.

On October 22, 2019, the Court received a letter from Plaintiff in which he states that he completed an IFP application and mailed it to the Court on September 10, 2019. (ECF 5.) He does not state whether he filed a prisoner authorization. On the same date that the Court received Plaintiff's letter, it also received Plaintiff's completed and signed IFP application. (ECF 6.) On November 12, 2019, the Court received a notice of appeal and a motion to proceed IFP on appeal from Plaintiff. (ECF 7.) The Court has never received a prisoner authorization from Plaintiff.

For the reasons discussed below, the Court construes Plaintiff's letter as a motion to alter or amend the Court's October 8, 2019 judgment under Rule 59(e) of the Federal Rules of Civil Procedure. The Court grants the motion, vacates its October 8, 2019 order and judgment, and

grants Plaintiff 30 days to either pay the $400.00 in fees or complete, sign, and submit a prisoner authorization.

**DISCUSSION**

Because Plaintiff has filed a notice of appeal, the Court must first address whether it has jurisdiction to rule on Plaintiff's motion. Normally, "[t]he filing of a notice of appeal is an event of jurisdictional significance – it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982). Under the Federal Rules of Appellate Procedure, however, if a party (1) files a timely motion under Federal Rule of Civil Procedure 59(e), *see* Fed. R. App. P. 4(a)(4)(A)(iv), and (2) files a notice of appeal before the district court disposes of that motion, then the notice of appeal does not become "effective" until after the district court rules on the motion, *see* Fed. R. App. P. 4(a)(4)(B)(i). A motion brought in a district court under Rule 59(e) must be filed within 28 days of the entry of the judgment it challenges. Fed. R. Civ. P. 59(e).

Plaintiff put his letter in his prison's mail system on or about October 16, 2019, eight days after the entry of the October 8, 2019 order and judgment dismissing this action. The letter disputes the reason for the dismissal and asks the Court to reopen this action. The Court therefore construes Plaintiff's letter as a timely filed Rule 59(e) motion. Because the motion is timely filed and was not disposed of when Plaintiff subsequently filed his notice of appeal, under Rule 4 of the Federal Rules of Appellate Procedure, this Court has jurisdiction to rule on the motion. *See* Fed. R. App. P. 4(a)(4)(B)(i); *Azkour v. Little Rest Twelve*, No. 10-CV-4132, 2015 WL 1413620, at *1 (S.D.N.Y. Mar. 23, 2015) ("Although a notice of appeal usually divests the district court of jurisdiction, where a party timely files a motion under Rule 59, the district court retains jurisdiction to entertain the motion, even where the notice of appeal was filed prior to the Rule

59 motion."); *see also Hertzner v. Henderson*, 292 F.3d 302, 303 (2d Cir. 2002) ("[T]he suspension of the effectiveness of the notice of appeal precluded [the Court of Appeals's] jurisdiction to adjudicate the merits of the appeal.").

In light of Plaintiff's *pro se* status, the Court grants Plaintiff's motion and vacates the October 8, 2019 order of dismissal and judgment. The Court further grants Plaintiff thirty days to either pay the $400.00 in fees or submit a completed and signed prisoner authorization.[1] If Plaintiff fails to comply with this order within the time allowed, the Court with dismiss this action.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket.

The Court construes Plaintiff letter (ECF 5) as a motion to alter or amend the Court's October 8, 2019 judgment under Rule 59(e) of the Federal Rules of Civil Procedure. The Court grants Plaintiff's motion and vacates the October 8, 2019 order of dismissal and judgment. The Court further grants Plaintiff 30 days to either pay the $400.00 in fees or submit a completed and signed prisoner authorization.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

---

[1] A prisoner authorization form is attached to this order.

The Clerk of Court is also directed to docket this order as a "written opinion" within the meaning of Section 205(a)(5) of the E-Government Act of 2002.

SO ORDERED.

Dated: December 4, 2019
New York, New York

_____
COLLEEN McMAHON
Chief United States District Judge