UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JUAN PENA,

      Plaintiff,

    -against-

JANE DOE, M.D.; ROBERT MORTON, JR.,
Superintendent, Downstate Correctional
Facility,

      Defendants.

1:19-CV-7336 (LLS)

ORDER OF DISMISSAL

LOUIS L. STANTON, United States District Judge:

  By order dated March 25, 2020, the Court dismissed this action for failure to state a claim on which relief may be granted and for seeking monetary relief from defendants that are immune from such relief. But the Court granted Plaintiff, who appears *pro se*, proceeds *in forma pauperis* ("IFP"), and is presently incarcerated in the Bare Hill Correctional Facility, leave to replead his claims in an amended complaint to be filed within 30 days of the date of that order. On May 7, 2020, the Court received Plaintiff's amended complaint. (ECF 14.)

  For the reasons discussed below, the Court dismisses this action. But the Court grants Plaintiff leave to replead his claims in a second amended complaint to be filed within 30 days of the date of this order.

## STANDARD OF REVIEW

  The Prison Litigation Reform Act requires that federal courts screen complaints brought by prisoners who seek relief against a governmental entity or an officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune

from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint if the Court lacks subject-matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted, emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

The Supreme Court of the United States has held that under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Id.* But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Id.* at (citing *Twombly*, 550 U.S. at 555). After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.* at 678-79.

## BACKGROUND

**A.     The March 25, 2020 order**

In its March 25, 2020 order, the Court construed Plaintiff's original complaint as asserting claims under 42 U.S.C. § 1983. (ECF 13, at 1.) The Court dismissed Plaintiff's claims against the New York State Department of Corrections and Community Supervision (DOCCS), and against the medical department of the Downstate Correctional Facility, under the doctrine of Eleventh Amendment immunity. (*Id.* at 4-5.)

The Court also dismissed Plaintiff's claims arising from the disclosure of Plaintiff's medical information to prisoners and others while he was incarcerated in Downstate. The Court understood his allegations as the basis of claims that Downstate officials violated his constitutional right to the confidentiality of his medical information. (*Id.* at 5.) But it dismissed those claims for failure to state a claim on which relief may be granted because Plaintiff failed to allege sufficient facts to show that the medical information that he discussed with a physician at Downstate involved a serious medical condition that, if disclosed, could expose him to discrimination and intolerance. (*Id.*)

The Court further dismissed claims arising from Downstate officials' failure to conduct Plaintiff's medical examinations in private for failure to state a claim. (*Id.* at 6.)

In addition, the Court dismissed claims that Downstate officials did not allow Plaintiff an opportunity to refuse medical screening, in whole or in part, upon his arrival at Downstate. (*Id.* at 6-7.) The Court dismissed those claims for failure to state a claim because Plaintiff failed to allege sufficient facts to show that he had a recognized reason, religious or otherwise, to refuse medical screening. (*Id.* at 7.)

Finally, the Court dismissed Plaintiff's claims under the Health Insurance Portability and Accountability Act ("HIPAA") for failure to state a claim because the Court determined that HIPAA provides no private right of action. (*Id.* at 7-8.)

Despite dismissing all of those claims, the Court granted Plaintiff leave to replead in an amended complaint to be filed within 30 days. (*Id.* at 8.) The Court received Plaintiff's amended complaint on May 7, 2020. (ECF 14.)

**B.     The amended complaint**

In his amended complaint, Plaintiff names as defendants "Jane Doe, M.D.," a Downstate physician, and Robert Morton, Jr., the Downstate Superintendent. He asserts that the defendants violated his federal constitutional rights and he seeks $100,000 in damages. The Court construes Plaintiff's claims in his amended complaint as brought under § 1983.

Plaintiff makes the same allegations that he made in his original complaint, although with some additional detail. Among his allegations, he asserts that when he first arrived at Downstate, he had to undergo medical screening in a room with an open ceiling, which prevented him from being examined in private. And he alleges that during his medical screening in that room, his torn anterior cruciate ligament (ACL) and his torn meniscus were "exposed" to the examining physician. (ECF 14, at 6.) He asserts that disclosure of those conditions "could have brought about discrimination and intolerance." (*Id.*)

Plaintiff also alleges that he "was not informed of his right to refuse any part of the examination." (*Id.* at 14.) He states that if he had been informed, he would have refused the examination of his testicles by a female physician because that is against his religious beliefs. (*Id.*)

4

DISCUSSION

Plaintiff asserts in his amended complaint allegations very similar to those that he asserted in his original complaint. Thus, with two possible exceptions, for the reasons discussed in the Court's March 25, 2020 order, he fails to state a claim under 42 U.S.C. § 1983.

One of those possible exceptions arises from Plaintiff's allegations that Downstate officials disclosed Plaintiff's torn ACL and his torn meniscus, and that the disclosure could have exposed him to discrimination and intolerance. The other possible exception arises from his allegations that he was not allowed an opportunity to refuse a part of a medical-screening examination that was against his religious beliefs.

A.  **Confidentiality of medical information**

A prisoner retains a limited federal constitutional right to the confidentiality of his or her medical information, but only when such information involves a medical condition that is both serious and would expose the prisoner to discrimination and intolerance. *See Matson v. Bd. of Education of City Sch. Dist. of New York*, 631 F.3d 57, 67-68 (2d Cir. 2011); *Powell v. Schriver*, 175 F. 3d 107, 111-13 (2d Cir. 1999).

At least one district court within this Circuit has held that a prisoner's torn meniscus is not a condition that "warrants constitutional privacy protection" because disclosure of that condition would not "likely result in ridicule, discrimination, or violence." *Cummings v. Clinton Cnty. Legislature*, No. 9:14-CV-0281, 2014 WL 4265844, at *4 (N.D.N.Y. Aug. 26, 2014); *see id.* at *3 ("When determining whether a particular condition justifies constitutional protection, courts examine whether the disease is contagious, or attributed to 'socially repugnant' conduct, and whether society as a whole views the disease as 'directly associated with any disease which might conceivably be characterized as loathsome.' . . . In this circuit, courts have accorded

5

constitutional privacy protection only to a handful of medical conditions, including HIV, transsexualism, and sickle cell anemia.") (citations omitted).

No court within this Circuit has decided whether a prisoner's torn ACL is serious enough, or whether that condition is regarded by others as loathsome, for the purpose of affording that prisoner constitutional protection from that condition's disclosure. But a least one district court has held, for the purpose of determining whether prison officials were deliberately indifferent to a prisoner's serious medical needs by delaying the prisoner's treatment for that condition, that "[a] torn ACL is not life threatening or quickly degenerating and its repair is not major surgery." *Gaines v. Wright*, No. 3:17-CV-1513, 2017 WL 4694168, at *5 (D. Conn. Oct. 19, 2017); *see Nix v. Lester*, 9:16-CV-0828, 2017 WL 3610576, at *8 n.8 (N.D.N.Y. Aug. 4, 2017) ("There is some doubt as to whether Plaintiff's torn ACL is a sufficiently serious medical condition.") (collecting cases), *report & recommendation adopted sub nom.*, *Nix v. Doe*, No. 9:16-CV-0828, 2017 WL 3601239 (N.D.N.Y. Aug. 21, 2017).

Plaintiff alleges in his amended complaint that his torn ACL and torn meniscus were "exposed" to a physician during a medical examination in a Downstate room with an open ceiling. But he alleges no facts showing how those conditions were serious enough, or were regarded as loathsome, to warrant constitutional protection from disclosure, or how disclosure would have exposed him to discrimination or intolerance. Thus, he fails to state a claim under § 1983 that Downstate officials violated his right to the confidentiality of his medical information. In light of Plaintiff's *pro se* status, however, the Court will allow Plaintiff one more opportunity to allege sufficient facts to state that type of claim; the Court grants Plaintiff leave to file a second amended complaint in which he alleges sufficient facts to state that type of claim.

**B.      Refusing medical screening**

Courts have recognized that a prisoner may be exempt from a prison medical screening when that screening conflicts with the prisoner's religious beliefs. *See Jolly v. Coughlin*, 76 F.3d 468, 474-82 (2d Cir. 1996); *Selah v. Goord*, 255 F. Supp. 2d 42, 52-56 (N.D.N.Y. 2003); *Reynolds v. Goord*, 103 F. Supp. 2d 316, 337-45 (S.D.N.Y. 2000). To state a claim under § 1983 that a prison official violated a prisoner's First Amendment right to the free exercise of his religion, the prisoner must allege facts that show that the "defendant[] significantly interfered with [the plaintiff's right to exercise his] religious beliefs." *McEachin v. McGuinnis*, 357 F.3d 197, 203 (2d Cir. 2004); *see also Jones v. Goord*, 435 F. Supp. 2d 221, 256 (S.D.N.Y. 2006) (noting that in this Circuit, "a claim of 'significant[] interfere[nce] with . . . religious beliefs' is sufficient to state a constitutional claim." (quoting *McEachin*, 357 F.3d at 203) (alterations in original))).[1]

Plaintiff alleges that he was not allowed the opportunity to refuse part of a medical-screening examination. He asserts that if he were allowed the opportunity, he would have objected to that part of the examination in which a female physician examined his testicles because that part of the examination was against his religious beliefs. (ECF 14, at 14.) But Plaintiff fails to state the faith he follows, or allege why that part of the examination significantly interfered with his religious beliefs. Thus, Plaintiff fails to state a claim under § 1983 that Downstate officials violated his First Amendment right to the free exercise of his religion when they did not allow him an opportunity to refuse part of a medical-screening examination. The Court will allow Plaintiff one more opportunity, however, to allege sufficient facts to state such a

---

[1] There may be, however, "inconveniences so trivial that they are most properly ignored." *McEachin*, 357 F.3d at 203 n.6.

claim; the Court grants Plaintiff leave to file a second amended complaint in which he alleges sufficient facts to state such a claim.

## CONCLUSION

Chambers will mail a copy of this order to Plaintiff. The Court dismisses this action for failure to state a claim on which relief maybe granted. 28 U.S.C. § 1915(e)(2)(B)(ii). But the Court grants Plaintiff leave to file a second amended complaint within 30 days of the date of this order. If Plaintiff fails to comply with this order within the time allowed, or fails to show cause, the Court will enter judgment dismissing this action for failure to state a claim on which relief may be granted. *See id*.

SO ORDERED.

Dated:   June 8, 2020
        New York, New York

                                                  *Louis L. Stanton*
                                                  Louis L. Stanton
                                                      U.S.D.J.